**SHUKAT ARROW HAFER WEBER & HERBSMAN, LLP**
Dorothy M. Weber [DW-4734]
Kyle Fogden [KF-3043]
*Attorneys for Defendants DMG Clearances, Inc.*
*and Universal Records, a Division of UMG Recordings, Inc.*
111 West 57th Street, Suite 1120
New York, New York 10019
(212) 245-4580


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RON BOBB-SEMPLE

                Plaintiff,                    07 CIV 8560 (VM)

      -against-

UNIVERSAL RECORDS, DAMIAN MARLEY,
STEPHEN MARLEY, TUFF GONG RECORDS,
DMG MUSIC CLEARANCES

                Defendants.
-------------------------------------------------------------------X


## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS

# **TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT................................................................................ii

II.  STATEMENT OF FACTS ...................................................................................iii

III. LEGAL ARGUMENT ........................................................................................iv

  A.  This Court Does Not Have Subject Matter Jurisdiction......................................iv

    (i)   The 12(b)(1) Motion To Dismiss Standard ................................................iv

    (ii)  The Complaint on its Face Fails to Plead the Elements Necessary to Support
          Jurisdiction ......................................................................................iv

IV.  CONCLUSION ................................................................................................vii

# TABLE OF AUTHORITIES

**Cases**

Bracey v. Board of Education of City of Bridgeport, 368 F.3d 108, 113 (2d. Cir. 2004) 4

City Merchandise, Inc. v. Kings Overseas Corp., 2001 WL 286724 (S.D.N.Y. 2001) ..... 6

Clissuras v. City University of New York, 359 F.3d 79, 81 n. 3 (2nd Cir. 2004) .............. 4

Demetriades v. Kaufmann, 680 F.Supp. 658 (S.D.N.Y. 1988) ............................................ 6

I.M.S. Inquiry Management Systems, Ltd. v. Berkshire Information Systems, Inc.,
    307 F. Supp.2d 521, 526 (S.D.N.Y. 2004) ............................................................. 7

Kelly v. L.L. Cool J., 145 F.R.D. 32, 36-7 n.6 (S.D.N.Y. 1992) ....................................... 5, 6

Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003) ................................................ 4

National Ass'n of Freelance Photographers v. Associated Press, 1997 WL 759456
    (S.D.N.Y. 1997); ..................................................................................................... 7

Noble v. Town Sports Int'l Inc., 1998 WL 43127 (S.D.N.Y. 1998) .................................... 7

Robinson v. Princeton Review, 1996 WL 663880, at *7 (S.D.N.Y. 1996) ........................ 7

Tuff-N-Rumble Mgmt., Inc. v. Sugarhill Music Publ'g Inc., 49 F.Supp.2d 673
    (S.D.N.Y. 1999) ....................................................................................................... 7

U-Neek, Inc. v. Wal-Mart Stores, Inc. 147 F.Supp.2d 158, 169 (S.D.N.Y. 2001) ............ 7

**Statutes**

Copyright Act 17 U.S.C. § 102(a) ...................................................................................... 3

Copyright Act 17 U.S.C. § 411 ....................................................................................... 5, 6

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ............................................................................ 4

**Treatises**

Patry on Copyright, § 3:22 (2007) ...................................................................................... 3

**SHUKAT ARROW HAFER WEBER & HERBSMAN, LLP**
Dorothy M. Weber [DW-4734]
Kyle Fogden [KF-3043]
*Attorneys for Defendants DMG Clearances, Inc.*
*and Universal Records, a Division of UMG Recordings, Inc.*
111 West 57th Street, Suite 1120
New York, New York 10019
(212) 245-4580

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RON BOBB-SEMPLE

                Plaintiff,                      07 CIV 8560 (VM)

       -against-

UNIVERSAL RECORDS, DAMIAN MARLEY,
STEPHEN MARLEY, TUFF GONG RECORDS,
DMG MUSIC CLEARANCES

                Defendants.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS

## I.    PRELIMINARY STATEMENT

      Defendants DMG Clearances, Inc.[1] ("DMG Clearances") and Universal

Records, a Division of UMG Recordings, Inc.[2] ("Universal") submit this

memorandum of law in support of their motion to dismiss Plaintiff's claim of

---

[1] DMG Clearances, Inc. is sued incorrectly as DMG Music Clearances.
[2] Universal Records, a Division of UMG Recordings, Inc., is sued incorrectly as Universal Records.

copyright infringement – the only Count in his Complaint.  The Copyright Act and the law in this Circuit are clear:  this Court does not possess subject matter jurisdiction over claims of copyright infringement of works that are not registered with the United States Copyright Office.  Plaintiff's Complaint is fatally defective in its failure to allege a registration and, therefore, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## II.  **STATEMENT OF FACTS**

Plaintiff states that he is a dramatic actor whose "signature performance" is his presentation of the life of Marcus Garvey.  (Complaint ¶ 2).  Plaintiff alleges that this case concerns the unlawful conduct of a major international record company, Universal, a Grammy Award winning recording artist, Damian Marley, and his label Tuff Gong Records, his producer, Stephen Marley, and the entity charged to insure the proper use of sampled materials, DMG Clearances[3] "who collectively have decided to engage in copyright infringement, by misappropriating and using for commercial benefit; the spoken word and dramatic performance of the Plaintiff, without the permission of the owner of the copyrights in those materials."  (Complaint ¶ 1.)  The Complaint further alleges that, without Plaintiff's permission, the Defendants used Plaintiff's "spoken performance"[4] in an album entitled "Welcome to Jamrock" on the

---

[3] To date, only DMG Clearances and Universal have been served.

[4] In fact, the Complaint only alleges that Defendants have used Mr. Bobb-Semple's "spoken performance." Unless such performance is in a fixed tangible form, it is not protected under the Copyright Act, 17 U.S.C. § 102(a); William F. Patry, Patry on Copyright, § 3:22 (2007).  Defendants reserve all affirmative defenses in connection with that legal issue which is not the subject of this Motion.

song, "Confrontation"  (Complaint ¶ 3.) and further alleges that Plaintiff and/or

controls the copyright in all of his "performances."  (Complaint ¶ 12).

### III.  LEGAL ARGUMENT

#### A.  This Court Does Not Have Subject Matter Jurisdiction

#### (i)  The 12(b)(1) Motion To Dismiss Standard

When a Complaint is challenged for lack of subject matter jurisdiction under

Rule 12(b)(1), the Court must accept as true all factual allegations contained in the

Complaint and draw all reasonable inferences in favor of the Plaintiff.  See Lunney v.

United States, 319 F.3d 550, 554 (2d Cir. 2003).

#### (ii)  The Complaint on its Face Fails to Plead the Elements Necessary to Support Jurisdiction

In the absence of diversity jurisdiction – such as is the case here – the action

must be dismissed if the action fails to implicate federal law.  Clissuras v. City

University of New York, 359 F.3d 79, 81 n. 3 (2nd Cir. 2004) (citing Fed. R. Civ. 12(h)

("Whenever it appears by suggestion of the parties or otherwise that the court lacks

jurisdiction over the subject matter, the court shall dismiss the action.").  A district

court may exercise subject matter jurisdiction if the action "arises under" Federal law.

Bracey v. Board of Education of City of Bridgeport, 368 F.3d 108, 113 (2d. Cir.

(Conn.) 2004) (citing 28 U.S.C. § 1331).  Plaintiff's Complaint alleges a single cause of

4

action for copyright infringement. The fatal flaw in Plaintiff's pleading, however, is that nowhere in the Complaint does Plaintiff allege what the "work" is that was infringed, or that he obtained a copyright registration for the purportedly infringed work.

To plead the elements of a copyright claim sufficiently, a complaint must allege: "(1) *which specific* original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright." Kelly v. L.L. Cool J., 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994) *cert. denied* 513 U.S. 950, 115 S.Ct. 365 (U.S. 1994) (emphasis supplied) (citations omitted).

On its face, the Complaint fails to plead those necessary and mandatory allegations. Plaintiff's Complaint consists of the vague allegations that "he owns the copyright in the [sic] all of his performances" (Complaint ¶ 12), and that the song at issue "included 'drops' of the Plaintiff's performance as historic figure Marcus Garvey from one of his public theatre performances of a drama of Mr. Garvey's life." (Id. ¶ 13). Clearly, these allegations lack the specificity required to identify the original work that was allegedly infringed, and, more importantly, completely omit any reference to a federal copyright registration covering the work.

The Copyright Act, 17 U.S.C. § 411, provides, in relevant part, the jurisdictional prerequisite to a federal action for copyright infringement:

> [N]o action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the

> copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

The case law in this area is abundant and clear. Kelly v. L.L. Cool J., 145 F.R.D. 32, 36-7 n.6 (S.D.N.Y. 1992) ("copyright registration is a jurisdictional prerequisite to an infringement suit.") aff'd, 23 F.3d 398 (2d Cir. 1994) cert. denied 513 U.S. 950, 115 S.Ct. 365 (U.S. 1994). See, e.g., City Merchandise, Inc. v. Kings Overseas Corp., 2001 WL 286724 (S.D.N.Y. 2001); U-Neek, Inc. v. Wal-Mart Stores, Inc., 147 F.Supp.2d 158, 169 (S.D.N.Y. 2001); Tuff-N-Rumble Mgmt., Inc. v. Sugarhill Music Publ'g Inc., 49 F.Supp.2d 673 (S.D.N.Y. 1999); Noble v. Town Sports Int'l Inc., 1998 WL 43127 (S.D.N.Y. 1998); National Ass'n of Freelance Photographers v. Associated Press, 1997 WL 759456 (S.D.N.Y. 1997); Robinson v. Princeton Review, 1996 WL 663880, at *7 (S.D.N.Y. 1996); Demetriades v. Kaufmann, 680 F.Supp. 658 (S.D.N.Y. 1988). I.M.S. Inquiry Management Systems, Ltd. v. Berkshire Information Systems, Inc., 307 F. Supp.2d 521, 526 (S.D.N.Y. 2004).

The sole issue is whether Plaintiff has sufficiently alleged – and can allege – that he has complied with the requirements of 17 U.S.C. 411, in order to establish subject matter jurisdiction. The Complaint makes it abundantly clear that he has not, and it is respectfully submitted that he can not meet the aforementioned basic pleading requirements in order to maintain the instant action for federal copyright infringement.

## IV.  **CONCLUSION**

For the reasons stated herein, the Complaint should be dismissed.

Dated:        New York, New York
              November 29, 2007

                          SHUKAT ARROW HAFER WEBER
                          & HERBSMAN, LLP


                          By: _Dorothy M. Weber_
                          Dorothy M. Weber [DW-4734]
                          Kyle Fogden [KF-3043]
                          *Attorneys for Defendants DMG Clearances,*
                          *Inc. and Universal Records, a Division of*
                          *UMG Recordings, Inc.*
                          111 West 57th Street, Suite 1120
                          New York, New York 10019
                          (212) 245-4580


To:    Perry Ian Tischler (5305)
       Law Offices of Perry Ian Tischler
       **Attorney for the Plaintiff**
       38-39 Bell Boulevard, Suite 203
       Bayside, New York 11361
       (718) 229-5390