UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
RON BOBB-SEMPLE,

        Plaintiff,

-against-

UNIVERSAL RECORDS, DAMIAN MARLEY,
STEPHEN MARLEY, TUFF GONG RECORDS,
DMG MUSIC CLEARANCES,

        Defendants.
----------------------------------------X

**JUDGE MARRERO**

**07 CIV 8560**

Case No.:

**COMPLAINT FOR
COPYRIGHT INFRINGEMENT**



RECEIVED
OCT 0 3 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, Ron Bobb-Semple, by his attorney, Perry Ian Tischler, alleges for his complaint as follows:

## NATURE OF ACTION

1. This case concerns the unlawful conduct of a major international record company, Universal Records (Universal), a Grammy Award winning recording artist, Damian Marley, and his label Gong records, his producer, Stephen Marley, and the entity charged to insure the proper use of sampled materials, DMG Clearances who collectively have decided to engage in copyright infringement, by misappropriating and using for commercial benefit; the spoken word and dramatic performance of the Plaintiff, without the permission of the owner of the copyrights in those materials.

2. Plaintiff Ron Bobb-Semple is a dramatic actor whose signature performances have been in the staging of the historical presentations of the life of Marcus Garvey. Mr. Bobb-Semple portrays Marcus Garvey. The Plaintiff brings this

action for injunctive relief and damages to halt the pervasive and willful infringement of his copyrighted performance.

3. Without Plaintiff's permission, the Defendants have used Mr. Bobb-Semple spoken performance in an album entitled "Welcome to Jamrock" on the song, "Confrontation". The Defendants have sold thousands of sound recording tracks embodying Plaintiff's copyrighted works for distribution to the public. On information and belief, the Defendants continue to make unauthorized copies of these copyrighted works owned and/or controlled by Plaintiff for sale to the public.

4. By this action, Plaintiff seeks (a) a declaration that the Defendants' unauthorized copying of any copyrighted works owned or controlled by Plaintiff willfully infringes Plaintiff's copyrights in violation of the Copyright Act U.S.C. §101 et. seq. ("Copyright Act"); and (b) legal and equitable relief, as specified below, to remedy Defendants' willful and continuing violation of Plaintiff's copyrights in the copyrighted works.

## JURISDICTION AND VENUE

5. This court has jurisdiction over these claims pursuant to 28 U.S.C. §§1331 and 1338(a). This court has venue under 28 U.S.C. §§1391 (b) and (c).

## THE PARTIES

6. Plaintiff, Ron-Bobb Semple is an individual currently residing in the State of New York with an address in this District, and is actively engaged in the business of dramatic acts in which he performs.

7. Upon information and belief, Defendant Universal Records is a Delaware corporation which transacts business in this District, maintaining a principal address at 1755 Broadway, New York, New York, and is the distributor of Defendant, Damian Marley album, "Welcome to Jamrock".

8. Upon information and belief, Defendant Damian Marley is an individual, who maintains an office for the transaction of business in the City and State of New York, located at 632 Broadway, Suite #901, New York, New York 10012.

9. Upon information and belief, Stephen Marley is an individual, who maintains an office for the transaction of business, located at 632 Broadway, Suite #901, New York, New York 10012.

10. Upon information and belief, Defendant Tuff Gong Records is a foreign corporation organized and existing under the laws of the West Indies, with an address at 220 Marcus Garvey Drive, Jamaica, West Indies.

11. Upon information and belief, Defendant DMG Music Cleareances is a domestic corporation organized and existing under the laws of the State of Delaware with a principal place of business at 13 Robin Drive, Hockessin, DE 19707.

## FACTS

12. Plaintiff, Ron Bobb-Semple owns and/or controls the copyright in the all of his performances, including those sampled without permission in the song commonly known as "Confrontation".

13. On or about 2005, Defendant Damian Marley recorded the song "Confrontation" for an album being produced by Defendant Universal and Tuff Gong records, entitled "Welcome to Jamrock". The song included "drops" of the Plaintiff's performance as historic figure Marcus Garvey from one of his public theatre performances of a drama of Mr. Garvey's life. The use of said "drops", were without the authorization of the Plaintiff, nor with remuneration to him.

14. The album, earned critical acclaim and was cited for several Grammy awards. The Defendants continues to copy sound recordings embodying the Plaintiff's works owned or controlled by Plaintiff onto its public servers so as to enable to offer those works to the public for sale, in the form of various media, including CD's and ringtone.

15. The Defendants did not seek or obtain the permission of any of the Plaintiff prior to copying his works onto any recordings. Plaintiff has not granted the Defendants such permission.

16. Defendant Universal Records, one of the world's largest record labels, was fully aware that its use of Mr. Bobb-Semple's works would infringe the copyrights of the Plaintiff.

17. On or about January 2006, the Plaintiff, through counsel, notified the Defendants of their unlawful and intentional infringement. The Plaintiffs have refused to resolve said issue or recognize the Plaintiff's rights.

## CAUSE OF ACTION
## (Copyright Infringement)

18. Plaintiff repeats and realleges the allegations contained in paragraphs 1-17 as if fully set forth herein.

19. The unauthorized copying of Plaintiff's copyrighted works onto Defendant's record/song infringes Plaintiff's exclusive rights to reproduce those works under Section 106 of the Copyright Act.

20. Defendants have the right and ability to supervise and have a direct financial interest in the aforesaid infringing activities.

21. Defendants have knowingly induced, caused, participated in, materially contributed to, and derived economic benefit from the infringement of Plaintiff's copyrights and Plaintiff has been damaged and continue to be damaged thereby.

22. Defendants' aforesaid conduct have been and continue to be intentional, willful and with full knowledge of Plaintiff's copyrights and the infringement thereof.

23. Defendants' conduct as set forth herein is causing and unless enjoined and restrained by this court will continue to cause Plaintiff's irreparable harm.

WHEREFORE, Plaintiff respectfully request judgment against Defendants as follows:

(a) declaring that Defendants' unauthorized copying of Plaintiff's copyrighted works onto Defendants' songs in violation of the Copyright Act;

(b) ordering Defendants to remove all copies of Plaintiff's copyrighted works from Defendants' inventory and the retail market.

(c) ordering Defendants to deliver up for destruction all infringing materials, including all discs, drives or other storage media that contain infringing copies of Plaintiff's copyrighted works;

(d) awarding Plaintiff at his election either (i) actual damages and profits derived by Defendants as a result of their infringing activities, pursuant to 17 U.S.C. §504(b), or (ii) statutory damages in the maximum amount of $150,000 with respect to each of Plaintiff's copyrighted works, pursuant to 17 U.S.C. §504(c);

(e) enjoining Defendants and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination therewith from further infringement of Plaintiffs copyrighted works; and

(f) granting Plaintiff such other and further relief as this court deems just and proper.

Dated: September 24, 2007
Bayside, New York

Respectfully Submitted,

Law Offices of Perry Ian Tischler

By: _____
Perry Ian Tischler, Esq. (5305)
Attorney for Plaintiff
38-39 Bell Boulevard
Suite #203
Bayside, New York 11361

## ATTORNEY VERIFICATION

PERRY IAN TISCHLER, an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the following under the penalties of perjury:

That deponent is the attorney of record for the Plaintiff, Ron Bobb-Semple, in the within action; that deponent has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to those matters stated to be alleged on information and belief, and as to those matters deponent believes them to be true.

Deponent further says that the reason this verification is made by deponent and not by Plaintiff is that the Plaintiff do not reside or maintain his place of residence within the county wherein your deponent has his office.

The grounds of deponent's belief as to all matters stated upon deponent's knowledge are as follows: conversations and records of the Plaintiff.

Dated: Bayside, New York
September 24, 2007

_____
PERRY IAN TISCHLER